UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

JOHN C. MENTAG,                                    Case No: 12-13350
                                                   Honorable Victoria A. Roberts
Debtor.


JOHN C. MENTAG,

        Plaintiff/Appellant,

v.

GMAC MORTGAGE LLC,

        Defendant/Appellee.
_____/

## OPINION AND ORDER

GMAC Mortgage LLC ("GMAC Mortgage") foreclosed by advertisement on John C. Mentag's ("Mentag") home, after the Bankruptcy Court granted its motion to lift a stay, and while Mentag's bankruptcy appeal to this Court was pending. Mentag now appeals various orders issued by the Bankruptcy Court on remand granting GMAC Mortgage' motion to lift an automatic stay. Mentag says that the Bankruptcy Court erred in finding that GMAC Mortgage had standing to challenge the stay; he asks the Court to declare the sale of his residence void.

GMAC Mortgage says this Court does not have subject matter jurisdiction and Mentag does not have standing to challenge the Bankruptcy Court's order because the property is sold and the redemption period expired. GMAC Mortgage says that Mentag's appeal is frivolous and requests sanctions in its motion to dismiss.

While the Court finds that Mentag does have standing to challenge the lift of the

stay, it also finds the Bankruptcy Court did not err in granting GMAC's motion to lift the stay.  The Court also finds that GMAC's requests for sanctions is not properly before it.

The Court **DENIES** GMAC Mortgage's motion.  The Bankruptcy Court is **AFFIRMED**.

## I.    BACKGROUND

On December 1, 2004, Mentag mortgaged his home.  Mentag signed a promissory note in favor of GMAC Mortgage Corporation  ("GMAC") and a mortgage, securing the note to Mortgage Electronic Registration Systems, Inc. ("MERS") acting as nominee for GMAC.  The mortgage was recorded on February 24, 2005.  Mentag ultimately defaulted on the mortgage.

Under a Pooling and Service Agreement ("PSA") dated February 24, 2005, GMAC sold Mentag's mortgage and note to Residential Asset Mortgage Products, Inc. ("RAMP") along with other mortgages that GMAC held.  The PSA says that the note and mortgage were to be transferred to RAMP, which then would deposit the documents into a trust.  Under the PSA, GMAC was the servicer of Mentag's loan on behalf of the trust.  Under the agreement, GMAC and RAMP were to sign the note before depositing it into the trust.  Finally, GMAC Bank/Ally Bank was appointed as the custodian.


On October 24, 2006, GMAC statutorily merged with GMAC Mortgage, leaving GMAC Mortgage as the surviving entity.

A foreclosure sale on Mentag's property was scheduled for September 8, 2009.  On the same date, he filed a Chapter 7 Petition for Bankruptcy.

GMAC Mortgage, on behalf of itself and as servicer for MERS, filed a motion to

lift the automatic stay, alleging that it had the right to foreclose on the property as holder of the note.  In response to Mentag's challenge that it did not have standing, GMAC Mortgage produced the PSA and an unsigned promissory note.  The Bankruptcy Court held in favor of GMAC Mortgage and entered an order lifting the stay.  Mentag filed a motion for rehearing; the court denied it.  Mentag then filed his first appeal.   On March 9, 2010 -- while Mentag's appeal was pending -- GMAC Mortgage foreclosed by advertisement on the property.

MERS as nominee for GMAC Mortgage, filed a motion to dismiss Mentag's appeal for failure to state a claim and lack of jurisdiction.  MERS alleged that it was the holder of the mortgage and entitled to file a motion to lift the stay.  On June 10, 2010, this Court remanded the proceeding to the Bankruptcy Court to determine whether GMAC and MERS retained a sufficient interest in the mortgage and note.

The Bankruptcy Court held several hearings on remand.  At a hearing GMAC Mortgage introduced an affidavit of Judy Faber, the custodian for GMAC Mortgage.  Faber says that GMAC Mortgage signed the note, but she did not state when.  She also said that MERS held the mortgage until foreclosure on March 9, 2010.  Faber provided the Bankruptcy Court with GMAC's and GMAC Mortgage's Certificate of Merger.  Counsel for GMAC Mortgage also said that the note had been in its possession at all times.  Last, GMAC Mortgage produced the affidavit of Donna Harkness, assistant secretary for Ally Bank/GMAC Bank.  Harkness says that Ally Bank was in possession of the note at the time the motion to lift the stay was filed.

After these hearings, the Bankruptcy Court found GMAC Mortgage had standing to pursue the stay.  Mentag filed a motion for reconsideration that was denied.

On July 31, 2012, Mentag filed a second appeal with this Court.

3

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) says that a defendant may seek

dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Bankr. P. 7012(b)

(incorporating Fed. R. Civ. P. 12(b)).  Under Rule 12(b)(1):

> [a] motion can either attack the claim of jurisdiction on its face,
> in which case all allegations of the plaintiff must be considered
> as true, or it can attack the factual basis for jurisdiction, in
> which case the trial court must weigh the evidence and the
> plaintiff bears the burden of proving that jurisdiction exists.

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

If there is no subject matter jurisdiction, the claim must be dismissed.  Fed. R. Civ. P.

12(h)(3).

Likewise, Rule 12(b)(6) relief is warranted "only if it appears beyond doubt that

the plaintiff can prove no set of facts in support of the claims that would entitle him or

her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

 In deciding such a motion, the court "must 'construe the complaint in the light most

favorable to the plaintiff, accept all the factual allegations as true, and determine

whether the plaintiff can prove a set of facts in support of its claims that would entitle it

to relief'." *Power & Tel. Supply Co. v. SunTrust Banks, Inc.* 447 F.3d 923, 929-30

(6thCir. 2006) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.

2001)).

### B. Bankruptcy Appeals

District courts have jurisdiction to hear appeals from final judgments, orders and

decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a)(1).

4

The District Court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See In re Holland*, 151 F.3d 547, 548 (6th Cir. 1998); Bankruptcy Rule 8013 ("[the bankruptcy court's] [f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous").  An order granting or denying relief from an automatic stay is generally reviewed for abuse of discretion.  *In re Laguna Associates Ltd. Partnership*, 30 F.3d 734 (6th Cir. 1994); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986).

### C.  Motion for Reconsideration

An order denying a motion for reconsideration is considered final for purposes of appeal. *In re J & M Salupo Dev. Co.,* 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008). It is reviewed for abuse of discretion. *United Mine Workers of Am. 1974 Plan & Trust v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, 396 B.R. 461 (B.A.P. 6th Cir. 2008).

## III.  ANALYSIS

### A.  GMAC Mortgage's Motion to Dismiss

### 1.  The Court has jurisdiction over Mentag's challenge.

GMAC Mortgage says that its valid foreclosure sale pending the first appeal divested the Court of jurisdiction, eliminated Mentag's standing and rendered the issue moot.  Its position is that the Court must dismiss the appeal because Mentag has no legal or equitable right to the property, given that the redemption period expired and Mentag did not redeem the property.

Mentag says that this issue is waived because the argument was considered and dismissed by the Bankruptcy Court and GMAC Mortgage did not appeal the ruling. Even so, Mentag says he had standing when he filed the complaint and he did not lose

it when GMAC Mortgage unilaterally sold the property while his appeal was pending.

A party can always challenge standing. *See Hyman v. City of Louisville,* 53 Fed. Appx. 740, 743 (6th Cir. 2002)("Standing, a jurisdictional element drawn from Article III constitutional requirements as well as prudential considerations, is not waivable by the parties and must be present in every case.")(citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982)).  However, GMAC Mortgage's challenge is unavailing; Mentag had standing at the time he filed the appeal; and, he has standing now. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, n. 5 (1992) ("standing is to be determined as of the commencement of suit"); see also *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012)(same).

Likewise, Mentag's appeal is not moot; he has a continuing personal stake in the outcome of this litigation.  Accordingly, Mentag may proceed on appeal.

## 2.  Sanctions

GMAC Mortgage says that Mentag's appeal is frivolous because Mentag continues to challenge its standing even though the Bankruptcy Court's record clearly establishes that GMAC Mortgage is the holder of the note.  GMAC Mortgage asks for sanctions under Federal Rule of Bankruptcy Procedure 8020 and Federal Rule of Appellate Procedure 38 its motion to dismiss for Mentag's alleged wrongful conduct. Rule 8020 of Bankruptcy Procedure states:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Civ. P. 11(c)(2).

6

"The rule is materially the same as Federal Rule of Appellate Procedure 38[.]" *In re Reese*, No. 11-3572, 2012 U.S. App. LEXIS 12134, *7 (6th Cir. 2012). Under these rules an "appellee must file a separate motion for sanctions." *Jacob v. Killian*, 437 Fed. Appx. 460, 468 (6th Cir. 2011)(quoting *Bagsby v. Gehres*, 225 F. App'x 337, 354 (6th Cir. 2007); *In re Pena*, 397 B.R. 566, 579 (B.A.P. 1st Cir. 2008)("[t]he requirement of a separately filed motion is strict [under Rule 8020], and failure to comply results in the denial of a request for sanctions."). GMAC Mortgage did not serve a notice letter on Mentag before filing his request for sanctions with the Court. Sanctions will not be issued.

The Court **DENIES** GMAC Mortgage's motion to dismiss.

### B.   Mentag's Appeal

### 1.  GMAC Mortgage had standing to challenge the stay.

Mentag says that GMAC Mortgage was not a holder because the PSA required that the note be signed and transferred by GMAC and RAMP, and GMAC Mortgage has not submitted proof that either occurred. Mentag says that prior to remand, the note which GMAC Mortgage represented as the "original" was not signed. After remand, GMAC Mortgage produced a note, represented as the "original," that was signed only by GMAC. GMAC Mortgage counters by saying that it held an interest in the note and mortgage on behalf of MERS and itself.

First and foremost, Mentag may not raise the PSA as a defense since he is not a party to the contract nor is he a third party beneficiary to it. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) aff'd, 399 Fed. Appx. 97, 102 (6th Cir. 2010) ("a litigant who is not a party to

an assignment lacks standing to challenge that assignment."); *In re Almeida*, 417 B.R. 140 (Bankr. D. Mass. 2009); *Moss v. Wells Fargo Bank, N.A*., No. 11-13429, 2012 U.S. Dist. LEXIS 42858 ( E.D. Mich. Mar. 28, 2012); *In re Smoak*, 461 B.R. 510, 522 (Bankr. S.D. Ohio 2011).

The real issue is whether GMAC Mortgage was a holder of the note on the date it filed its motion to lift the stay.

Under Michigan law a holder is: (1) one in possession of an unsigned note that is made out to it or (2) one in possession of a signed note. *Nat'l City Bank v. Syatt Realty Group, Inc.*, No. 11-1777, 2012 U.S. App. LEXIS 18373, at *9 (6th Cir. August 29, 2012)(finding that "NCB qualifies as a holder of the Note pursuant to § 440.1201(20) because the Note was made to the order of NCB and NCB possesses it."); *see* M.C.L. § 440.3205(2)(if signed, the note is bearer paper and anyone in possession of bearer paper is a holder); *McCann v. U.S. Bank,* N.A., No. 11-14804, 2012 U.S. Dist. LEXIS 72992, (E.D. Mich. May 25, 2012)(same)*; Soto v. Wells Fargo Bank, N.A*., No. 11-14064, 2012 U.S. Dist. LEXIS 4195 (E.D. Mich. January 13, 2012).

GMAC Mortgage was the holder of the note when it challenged the stay.  GMAC Mortgage submitted the certificate of merger which establishes that the note was made out to it.  *See Chase Manhattan Mortgage Corp. v. Shapiro (In re Lee)*, 530 F.3d 458 (6th Cir. 2008) ("By merger of Chase Ohio into Chase, Chase became the holder of both the Original Mortgage and the loan evidenced by the Promissory Note "Original Loan").  In addition, GMAC Mortgage submitted Faber's affidavit, Harkness's affidavit and testimony from its counsel that establishes it was in possession of the note at the time the motion to lift the stay was filed.

Indeed, a holder of the note may enforce it, notwithstanding that the holder may

8

have sold the note and failed to transfer it to the purchaser.  *See In re Hwang*, 396 B.R. 757, n. 5 (Bankr. C.D. Cal. 2008), *reversed on other grounds*, 438 B.R. 661 (C.D. Cal. 2010) (finding Plaintiff is the holder of the note and entitled to enforce it because it possessed the note and it was made out to Plaintiff, notwithstanding that Plaintiff was not the owner of the note); see also Mich. Comp. Laws § 440.3203 at Note 1.

As holder of the note, GMAC Mortgage is entitled to enforce it and had standing to challenge the stay.  *See In re Smoak*, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011) (citing cases).  The Bankruptcy Court did not err.

**2.  The Bankruptcy Court did not err in denying Mentag's motion for reconsideration.**

Mentag makes no substantive argument in his appeal briefs that the Bankruptcy Court erred in denying his motion for reconsideration.  This argument is waived.  Even if Mentag had properly addressed this claim, there is no evidence that the Bankruptcy Court abused its discretion in denying the motion.

The Court **AFFIRMS** the Bankruptcy Court's Orders.


IV.   **CONCLUSION**

The Court **DENIES** GMAC Mortgage's motion. The judgments of the Bankruptcy Court are **AFFIRMED.**

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 8, 2013

9

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 8, 2013.

S/Linda Vertriest
Deputy Clerk